UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

GARY SIMS : CIVIL ACTION NO. 15-cv-2466

VERSUS : JUDGE MINALDI

STATE OF LOUISIANA ET AL. : MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Gary Sims ("Sims") on behalf of himself and his minor child, S.S. He names as defendants the State of Louisiana, the Department of Children and Family Services Region 6 Office of Community Services ("DCFS-OCS"), the Department of Children and Family Services Region 6 Office of Family Services ("DCFS-OFS"), DCFS-OCS agent Melissa Ross ("Ross"), DCFS-OCS agent Dawn Sahula ("Sahula"), DCFS-OCS agent Ann Ellender ("Ellender"), DCFS-OCS agent Allison Weckerly ("Weckerly"), DCFS-OCS agent Nick Pizzolatto ("Pizzolatto"), DCFS-OFS agent Brandon Fullilove ("Fullilove"), and Jessica Prudhomme White ("White").

### I.
#### BACKGROUND

Sims has instituted this action alleging numerous constitutional violations by the defendants to aid White, the mother of S.S., in a custody dispute against Sims. Doc. 1, p. 9. He first complains that DCFS-OCS lacked an internal system to handle complaints of civil rights violations, thereby empowering DCFS agents to "rise above the law and harm innocent citizens at will." Doc. 1, p. 8. The rest of Sims' claims arise from his involvement with DCFS through a

Child in Need of Care ("CINC") matter relating to his daughter, S.S. He alleges that Ross "intentionally and knowingly [produced] incomplete investigations, [suppressed] facts, and [presented] sworn false and incomplete facts" as part of the CINC matter. *Id.* at 9. He claims that other named DCFS-OCS agents "intentionally and knowingly [supported] DCFS agents incomplete investigations, suppressing facts, and presenting false and incomplete facts" [sic] in the same CINC matter.[1] *Id.* at 10, 11, 12, 13. Sims also alleges that DCFS-OFS and Fullilove failed to correct errors regarding Sims' child support accounts which further prejudiced Sims in his custody dispute with White. *Id.* at 24, 25. For these claims Sims seeks monetary, declaratory, and injunctive relief.

## II.
## LAW & ANALYSIS

Sims has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Doc. 7. Under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's

---

[1] From the wording in Sims' petition, it is unclear to what extent he is claiming personal involvement in the suppression and presentation.

allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### A. *Claims Brought on Behalf of S.S.*

The Fifth Circuit has held that, in most instances, a non-attorney parent cannot appear *pro se* on behalf of his minor child. *See Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000). This limitation is based on the consideration that allowing a non-attorney to represent the interests of others in court would amount to an unauthorized practice of law. *Id.*; *K.F. ex rel. Ruffin v. Houston Indep. Sch. Dist.*, 2006 WL 2434478 at *1 (S.D. Tex. Aug. 22, 2006). In *Harris* the Fifth Circuit issued a specific exception for pro se petitions brought by parents on behalf of their minor children for Social Security appeals, stating that the minors' rights would be adequately protected without legal counsel because those proceedings are limited to "the review of an administrative record." 209 F.3d at 417. In contrast, there are no comparable limitations for § 1983 suits. *See Sprague v. Dep't of Family and Protective Svcs.*, 547 Fed. App'x 507, 508 (5th Cir. 2013) (unpublished) (citing *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010)). Therefore we find no grounds to expand the exception from *Harris* to cover Sims' § 1983 suit. **Accordingly, we hold that Sims as a pro se litigant cannot assert claims on behalf of S.S. and so these claims fail to state a basis on which relief may be granted.[2]** Sims is allowed thirty (30) days within which he may seek representation for his child. Should no attorney move to enroll as counsel for the minor child we

---

[2] We also question whether Sims has procedural capacity to sue on behalf of S.S. State law controls who may file suit on behalf of a minor child. *See Elk Grove Unified Sch. Dist. v. Newdow*, 124 S.Ct. 2301, 2308–10. Under Louisiana law, a determination of whether a parent can sue on a minor child's behalf depends on whether the child has been emancipated and, if the parents are not married, what kind of custody arrangement is in place. *See* LA. CODE CIV. P. ART. 683. Sims fails to set forth sufficient facts for us to determine his capacity to sue on behalf of S.S., even with adequate representation. Therefore we expect any attorney who enrolls on behalf of the minor child to amend the complaint for S.S. and provide adequate factual representation that would establish that plaintiff is in fact the appropriate person to sue on behalf of the minor child.

will issue and Report and Recommendation to the district court suggesting the claim should be dismissed without prejudice.

### B. *Claims Brought by Sims on his own Behalf*

We now proceed to a review of the remainder of Sims' complaint. This review is strictly limited to the claims Sims brings on his own behalf.

#### 1. *Frivolity Review*

Sims has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Doc. 7. Under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

#### 2. *Rule 8 Considerations*

We also look to the general requirements of the Federal Rules of Civil Procedure. Rule 8 does not require explicit detail in pleadings, but it "must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2);

*see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2507 (2007). Conclusory allegations and recitations of the elements of a cause of action are not sufficient under this standard. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007).

Pleadings filed by pro se litigants are held to a more lenient standard than those prepared by attorneys. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam). However, they are not relieved of their obligation to allege sufficient facts to support a viable legal claim. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Courts instead favor giving pro se plaintiffs opportunity to amend any defects in their complaints before imposing a dismissal with prejudice. *See, e.g.*, *Rodriguez v. United States*, 66 F.3d 95, 97–98 (5th Cir. 1995) (affirming dismissal with prejudice after pro se plaintiffs had been given ample opportunity to amend their deficient complaint but chose not to do so).

### 3. *42 U.S.C. § 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348–49 (5th Cir. 1985).

We note here that White is a private citizen and is not alleged to have any affiliation with DCFS; however, Sims does allege that she conspired with DCFS to prejudice the CINC matter

against him. This kind of activity is generally considered sufficient to hold that a private citizen was acting under color of state law and can be held liable under § 1983. *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992). Still, allegations of conspiracy require a showing of agreement to commit an illegal act. *Walzier v. McMullen*, 333 Fed. App'x 848, 851 (5th Cir. 2009) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). Here the complaint provides no facts from which such an agreement can be inferred. Therefore, the claims against White are subject to dismissal unless Sims can amend his petition to provide support for the alleged conspiracy.

### 4. *Eleventh Amendment Immunity*

The Eleventh Amendment bars suit in federal court against a state by citizens of another state or foreign country. *See* U.S. CONST. AMEND. 11. It has also been extended to cover suits by citizens against their own state. *Clark v. Tarrant Cty., Tex.*, 798 F.2d 736, 743 (5th Cir. 1986) (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 104 S.Ct. 900, 908 (1984)). This immunity applies to all suits against state entities, including agencies and departments of state government. *Id.*

There are, however, a few exceptions to the general grant of Eleventh Amendment immunity. Under *Ex Parte Young*, state officials may be sued for injunctive or declaratory relief for ongoing or threatened violations of federal law. 28 S.Ct. 441, 453–54 (1908); *see also Green v. Mansour*, 106 S.Ct. 423, 428 (1985). A state may also waive its Eleventh Amendment immunity if it does so by unambiguous statutory language. *Atascadero State Hosp. v. Scanlon*, 105 S.Ct. 3142, 3146 (1985). Finally, Congress may abrogate a state's immunity without the state's consent. *Seminole Tribe v. Florida*, 116 S.Ct. 1114, 1122 (1996). It has done so in the case of § 1983, as

described above, which allows state officials to be sued in their personal capacity for declaratory, injunctive or monetary relief.[3] *Kentucky v. Graham*, 105 S.Ct. 3099, 3105 (1985).

It is very likely that the DCFS offices named will qualify as state entities. *See Schannette v. Doxey*, 2013 WL 4516041 at *3–*4 (W.D. La. Aug. 22, 2013) (applying *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999)); *Harmony Ctr., LLC v. Jindal*, 2010 WL 4955168 (M.D. La. Nov. 30, 2010); *see also Stem*, 908 F.2d at 4–5 (holding that Harris County Child Protective Services was an arm of the state of Texas). Sims appears to concede this fact by also naming the state of Louisiana, and not any other political subdivision thereof, as a defendant. Therefore DCFS employees are state officials. *See Pennhurst v. State Sch. & Hosp.*, 104 S.Ct. at 908–09. Sims' suit thus faces a significant hurdle in the form of Eleventh Amendment immunity.

We may therefore only consider the claims against state officers in their official capacity to the extent they seek declaratory or injunctive relief against an ongoing or threatened constitutional violation. Here it appears that the alleged violation is no longer ongoing or threatened because both the CINC matter and the investigation have concluded. With no indication that the state has waived its immunity, we are barred from considering any of Sims' claims against the state of Louisiana, the branches of DCFS, and the employees named in their official capacities. Accordingly, the claims against the state of Louisiana and the branches of DCFS should be dismissed because they are barred by Eleventh Amendment immunity.

---

[3] State officials sued in a personal capacity under § 1983 may claim qualified immunity for discretionary, non-prosecutorial acts.[3] *See Stem v. Ahearn*, 908 F.2d 1, 5 (5th Cir. 1990). This immunity may be pierced by showing that the official's conduct violated "clearly established rights" which would have been known to a reasonable person. *Austin v. Borel*, 830 F.2d 1356, 1363 (5th Cir. 1987). A finding for the purpose of this § 1915 review that Sims' claim is not frivolous will not preclude us from later considering a defense based on qualified immunity. *See Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 619 (5th Cir. 1992).

However, this immunity does not prevent us from hearing claims against DCFS employees in a personal capacity, subject to the limits of supervisory liability discussed below. We therefore consider the merits of Sims' remaining claims against DCFS employees in their personal capacity.

### a. Lack of a civil rights investigative unit

We first review Sims' claim that DCFS lacked a mechanism for handling civil rights complaints internally. We can find no federal or state law requiring that a regional child welfare office have such a unit. Additionally, we note that adequate grounds already exist for service recipients of the Region 6 DCFS to allege discrimination. The petitioner could have made a civil rights complaint to the United States Department of Health and Human Services Office of Civil Rights.[4] He also could have filed a complaint with the Louisiana DCFS Bureau of Civil Rights.[5] Accordingly, we find that this claim lacks a basis in law and fact and should be dismissed for frivolity.

### b. CINC Matter

The Supreme Court has long classified a parent's right to involvement in the "care, custody, and control" of his child as a liberty interest under the Fifth and Fourteenth Amendments. *See Troxel v. Granville*, 120 S.Ct. 2054, 2060 (2000) (reviewing parental liberty jurisprudence). Such a classification means that, under the Fourteenth Amendment's Due Process Clause, a state cannot deprive a parent of custody without affording him due process of law. *E.g.*, *Stewart v. Perry*, 369 Fed. App'x 593, 594 (5th Cir. 2010) (unpublished). The Fifth Circuit has also upheld a liberty interest in family integrity.[6] *Morris v. Dearborne*, 181 F.3d 657, 671 (5th Cir. 1999) (quoting

---

[4] *See* HOW TO FILE A COMPLAINT, http://www.hhs.gov/ocr/civilrights/complaints/index.html (last visited Oct. 14, 2015).
[5] *See* LOUISIANA DEPT. OF CHILDREN AND FAMILY SVCS., EQUAL DELIVERY OF SERVICES POLICY STATEMENT (2013).
[6] Compared with the parent's interest in family autonomy, the child's interest in family integrity is more nebulous and must be viewed "along a continuum between the state's clear interest in protecting the child and a family's clear interest in privacy." *Morris*, 181 F.3d at 671 (5th Cir. 1999). It is therefore considerably more difficult to pierce qualified immunity on family integrity grounds in a § 1983 claim, as it must be shown that the worker knew she was

*Stanley v. Illinois*, 92 S.Ct. 1208, 1212 (1972)). Accordingly, Sims may claim that his constitutional rights were violated if the alleged malfeasance by DCFS employees in the CINC matter infringed on his right to due process.

By alleging malfeasance on the part of DCFS employees that prejudiced the CINC matter and custody proceedings against him, Sims has therefore made a viable claim under § 1983. However, his petition merely states conclusory allegations and provides no notice as to the basis of his claims. He does not indicate which matters the defendants lied about or which facts they suppressed. Therefore we find that his petition is insufficient under Rule 8 and should be amended to give the defendants greater notice of the claims against them.

### c. *Supervisor Liability*

Sims names as defendants several parties who may have only had a supervisory role in his case. It is well settled that supervisory officials may not be held liable for § 1983 claims under the doctrine of respondeat superior. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). To be liable under § 1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

We have already ruled that the claims against the DCFS departments and the state of Louisiana are barred on Eleventh Amendment grounds, but that claims against DCFS employees in their personal capacities may proceed under § 1983's exception. In order to determine the legitimacy of these claims, we require more information on which employees had a direct role in

---

violating a child or parent's rights because safety concerns did not provide adequate justification for her actions. *See Hodorowski*, 844 F.2d at 1217; *Doe v. Louisiana*, 2 F.3d 1412, 1420 (5th Cir. 1993); *Kiser v. Garrett*, 67 F.3d 1166, 1170–73 (5th Cir. 1995).

the case and which employees had a supervisory role. If any employees had a supervisory role, Sims must allege their personal involvement in the conduct causing the alleged constitutional deprivation or show that they implemented a policy that led to the deprivation of his rights. Therefore Sims should also amend his complaint to show the degree of involvement of all DCFS personnel named as defendants in either a supervisory or direct capacity.

### III.
### ORDER TO ACQUIRE COUNSEL AND AMEND COMPLAINT

Sims cannot bring claims on behalf of S.S. as a pro se litigant. Sims is allowed thirty (30) days within which he may seek representation for his child. Should no attorney move to enroll as counsel for the minor child we will issue and Report and Recommendation to the district court suggesting the claim should be dismissed without prejudice.

Sims' complaint is also deficient in a number of respects as discussed above. We find that the major areas are:

  (1) Lack of factual allegations supporting a conspiracy between White and DCFS

  (2) No indication of an ongoing or threatened constitutional violation to support a need for injunctive or declaratory relief

  (3) Lack of sufficient factual allegations to support malfeasance by DCFS employees in the CINC matter

  (4) Lack of information on the supervisory roles of DCFS personnel and the basis for their liability

Before this court determines the proper disposition of plaintiff's claims, he should be given the opportunity to remedy the deficiencies of his complaint or dismiss those claims that he cannot remedy. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly,

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that plaintiff amend his complaint *with respect to his own claims only* within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss the claims he is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.**

**Plaintiff is further required to notify the court of any change in his address under LR 41.3.**

THUS DONE AND SIGNED in Chambers this 19th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE