UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARY SIMS** | : | **CIVIL ACTION NO. 15-cv-2466** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **STATE OF LOUISIANA ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an amended civil rights complaint pursuant to 42 U.S.C. § 1983 [doc. 12] filed *in forma pauperis* by *pro se* plaintiff Gary Sims ("Sims") against employees of the Region 6 Department of Children & Family Services – Office of Community Services ("DCFS-OCS") and a private citizen. Specifically, he names as defendants DCFS-OCS agent Melissa Ross ("Ross"), DCFS-OCS agent Dawn Sahualla ("Sahualla"), DCFS-OCS agent Ann Ellender ("Ellender"), DCFS-OCS agent Allison Weckerly ("Weckerly"), DCFS-OCS general counsel Nick Pizzolatto ("Pizzolatto"), and Jessica Prudhomme White ("White"). For the following reasons, it is **RECOMMENDED** that the petitioner's claims with respect to White be **DISMISSED WITH PREJUDICE**.

# I.
## BACKGROUND

Sims alleges numerous constitutional violations by the defendants. He claims that DCFS-OCS employees acted to deprive him of custody of his minor daughter, S.S., in a Child In Need of Care ("CINC") matter and the provision of child welfare services on behalf of the state. *See generally* Doc. 12, pp. 6–31. He also contends that the DCFS-OCS defendants abused their power

of office in order to ensure that White, the mother of S.S., prevailed in her custody suit against Sims. *Id.* at 6–33. He alleges that White acted individually to prejudice Sims in this custody suit while also "calling upon" DCFS-OCS to do the same. *Id.* at 31–34.

Specifically, Sims states that the agency certified that White had completed her case plan, even though Sims contends that she continues to suffer from untreated dependency and mental health issues. *Id.* at 32–33. He also states that White had her husband attacked Sims shortly before a state court hearing in their custody matter so that Sims would appear out of sorts and the proceedings would be prejudiced against him. *Id.* at 33. Finally, he alleges generally that White made malicious use of state resources and participated in a joint action with the state in order to cause him harm. *Id.* at 34.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Sims has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 7. Under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's

allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B.  42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348–49 (5th Cir. 1985).

### III.
#### ANALYSIS

White is a private citizen and is not alleged to be an agent of DCFS. However, Sims does allege that she conspired with DCFS to prejudice the custody suit against him. This kind of activity is generally considered sufficient to hold that a private citizen was acting under color of state law. *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992). Still, allegations of conspiracy require a showing of agreement to commit an illegal act. *Walzier v. McMullen*, 333 Fed. App'x 848, 851–52 (5th Cir. 2009). The bar for stating a claim on conspiracy is therefore particularly high.[1]

---

[1] *See, e.g.*, *Arsenaux v. Roberts*, 726 F.2d 1022, 1023–24 (5th Cir. 1982) (failure to state a claim based on conspiracy, on insufficient evidence of prior agreement between a judge and lawyer to determine the outcome of the case, despite the petitioner's allegations that they desired the same outcome and that the judge committed numerous improper acts in support of that outcome).

Here Sims alleges that the state actors and White desired the same outcome in the custody matter and that both committed alleged wrongdoings in support of that outcome. He also contends that White "called upon" DCFS-OCS for assistance. However, his factual allegations do not indicate an agreement. He shows no acceptance by DCFS employees of White's alleged call for assistance. Nor do his allegations show any reciprocal communication from DCFS employees or coordination between the parties that would support an inference of agreement. Sims has already been given leave once to amend his complaint and cure this deficiency [doc. 9], and has failed to do so. We therefore find that he cannot plead sufficient facts to support a conspiracy between White and the state actor defendants. Thus there is no basis for holding White liable under § 1983, and his claims against her should be dismissed.

## IV.
### CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the claims filed in this action against **Jessica Prudhomme White** be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual**

**findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 3rd day of December, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE