UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARY SIMS** | : | CIVIL ACTION NO. 2:15-cv-2466 |
| **VERSUS** | : | UNASSIGNED DISTRICT JUDGE |
| **MELINDA ROSS, ET AL.** | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 44] filed by defendants Ann Ellender, Nick Pizzolatto, Melissa Ross, and Dawn Sahula. The motion, which relates to the pro se civil rights complaint filed by plaintiff Gary Sims, is unopposed. It has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
#### BACKGROUND

This action arises from a complaint and amendment thereto [docs. 1, 12] filed in this court by Sims and relating to the defendants' handling of a child welfare matter involving his minor daughter, S.S.[1] Sims alleges that various defendants, in their capacity as employees of the Louisiana Department of Children and Family Services ("DCFS"), violated his constitutional rights by effecting a biased investigation against him regarding allegations that he had sexually

---

[1] Sims also raised claims against the child's mother, J.P.W., which the court dismissed on initial review. *See* docs. 13, 20. He also raised claims against DCFS employee Allison Weckerly, but these were dismissed after he failed to effect service in a timely manner. Docs. 28, 29.

-1-

abused his daughter and by interfering in state court proceedings filed by Sims against S.S.'s mother to prevent Sims from being awarded custody of S.S. Doc. 12.

The state court judgments at issue are a child in need of care ("CINC") and custody proceedings relating to S.S. The record shows that CINC proceedings relating to S.S. were opened through a petition filed on February 26, 2014, after DCFS received and investigated a report that Sims had sexually abused S.S. Doc. 45, pp. 2–3. S.S. was removed to DCFS foster care in February 2014. *Id.* at 3, 15–16. She remained there until October 1, 2014, when the state district court judge decreed that custody of S.S. be awarded to the child's mother, J.P.W., subject to supervised visitation for Sims. Doc. 45, att. 1, p. 95.

Sims filed a petition for custody in the state court on or about January 5, 2015. *See* doc. 45, att. 3, pp. 132–33. From April 2015 to February 2016, Sims also continued to file post-judgment motions in his CINC proceeding. *Id.* at 3–4. After Sims failed to appear at a hearing in the CINC case on April 28, 2016, the state court dismissed the pending motions. *Id.* at 130–31. Following a trial in the custody proceeding, the state district court awarded sole custody of S.S. to J.P.W., with conditional visitation to Sims, by judgment dated November 9, 2016. *Id.* at 132–37.

Sims filed suit in this court on October 1, 2015. Doc. 1. He seeks monetary damages and other relief under 42 U.S.C. § 1983. The remaining defendants now move for summary judgment, arguing that (1) various claims have prescribed; (2) all defendants are entitled to immunity; (3) the court should abstain from hearing Sims's claims under the *Rooker-Feldman* doctrine, the domestic relations exception, and the *Younger* abstention doctrine; and (4) Sims's claims fail on the merits because he cannot show a constitutional violation on the part of the defendants. Doc. 44, att. 2. Sims has not filed a response to the defendants' motion and his time for doing so has passed.[2] *See*

---

[2] The motion was filed electronically in this court on March 19, 2019, and a response deadline was set for 21 days after service of the motion. Docs. 44, 46. Sims was served with a copy of the motion, exhibits, and notice of motion

docs. 46, 47. Accordingly, the motion is regarded as unopposed. The defendants' statement of uncontested material facts [doc. 44, att. 3] is deemed admitted under Local Rule 56.2.

## II.
## LAW & APPLICATION

### A. Summary Judgment Standard

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-

---

setting by email and Federal Express on March 25, 2019. Doc. 47. Accordingly, his deadline for filing a response was April 15, 2019. Sims instead submitted a motion to continue trial on that date, which the court denied on April 18. Docs. 48, 49. As of the date of this writing [April 23, 2019] he has not filed a response to the summary judgment motion or sought leave to file same past the April 15 deadline.

moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Finally, "[a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule," and the movant still has the burden of establishing the absence of a genuine issue of material fact. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). The nonmovant's failure to file an opposition and statement of contested material facts, however, requires the court to deem the movant's statement of uncontested material facts admitted for the purposes of this motion. Local Rule 56.2.

    **B. *Application***

    Generally, the court should consider any jurisdictional attack before addressing the merits of the case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (court should address 12(b)(1) motion before 12(b)(6)). "This requirement prevents a court without jurisdiction from prematurely dismissing a case on the merits." *Id.* Abstention involves a federal court's ability to decline or abstain from exercising its jurisdiction in certain cases. *E.g.*, *U.S. Fire Ins. Co. v. Housing Auth. of New Orleans*, 917 F.Supp.2d 581, 587 (E.D. La. 2013). A decision to abstain from exercising jurisdiction would render any consideration of the merits inappropriate. Accordingly, the court first addresses the abstention grounds and only proceeds to the other grounds for dismissal if we reject the former.

    *1. Rooker-Feldman Doctrine*

    The defendants first move for abstention under the *Rooker-Feldman* doctrine, which comprises four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal

suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017).

The defendants' record shows that Sims's custody and CINC proceedings have concluded via judgments from the district court, but the instant civil rights action was filed on October 1, 2015 – while the custody proceeding was still pending.[3] "Where there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S.Ct. 1517, 1526 (2005). While other comity or abstention doctrines may allow for stay or dismissal of the federal case in favor of the state case, "neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case *sub judice* remains in federal court." *Id.* at 1527. Accordingly, abstention under *Rooker-Feldman* is inappropriate in this matter.

2. *Domestic Relations Exception*

The defendants next move for dismissal under the domestic relations exception. This doctrine prevents a federal court from issuing or modifying "a divorce, alimony, or child custody decree." *Saloom v. Tex. Dep't of Family and Child Protective Svcs.*, 578 F. App'x 426, 429–30 (5th Cir. 2014) (quoting *Ankenbrandt v. Richards*, 112 S.Ct. 2206 (1992)). Where the domestic relations exception applies, the federal court may abstain from hearing the case. *Goins v. Goins*, 777 F.2d 1059 (5th Cir. 1985). To this end "[t]he essential question" is "whether hearing the claim will necessitate the court's involvement in domestic issues, i.e., whether it will require inquiry into the marital or parent-child relationship." *Rogers v. Janzen*, 711 F.Supp. 306, 308 (E.D. La. 1989)

---

[3] As the Fifth Circuit recently noted in *Burciaga*, supra, there is a conflict in the case law over whether the state court judgment must have been rendered by a court of last resort. 871 F.3d at 384 n. 5. Here there is no indication that the Louisiana Supreme Court has rendered a decision on either matter. Given the unsettled nature of this element, however, we do not rely on that aspect of the doctrine.

(quoting *Goins*, 777 F.2d at 1061) (cleaned up). In cases involving child custody, courts have emphasized the state's interest in avoiding federal interference:

> Since the custody of children is regulated by the standard, 'the best interest of the child,' and because a change of circumstances may occur to change what is in the child's best interest, custody proceedings are always subject to being reopened. . . . For [the court to entertain a claim relating to a custody proceeding will] inevitably create a change in circumstances that will probably cause the state custody proceedings to be reopened, thus necessitating further litigation efforts in state court to reevaluate the children's best interest once again.

*Id.* (quoting *Zaubi v. Hoejme*, 530 F.Supp. 831, 836 (W.D. Penn. 1980)).

In his amended petition Sims requests that the court "[e]njoin and [r]emand all or part" of the CINC and child custody proceedings to the state court. Doc. 12, p. 36. He also alleges improper interference by defendants in these proceedings, thus calling the state court's ultimate determinations as to the best interest of the child in both matters into question. Accordingly, "fundamental principles of comity" compel us to abstain from exercising jurisdiction. *Rogers*, 711 F.Supp. at 308. Sims may instead seek to effect a change to the existing custody decree through the state courts. Because we cannot determine his right to damages while the state court's decisions on custody stand, the entire matter should be dismissed without prejudice under the domestic relations exception. We need not consider the other grounds for abstention or judgment as a matter of law raised here.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 44] be **GRANTED** and that all claims be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 25th day of April, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE